IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DOUGLAS P. PASQUINZO,<br><br>Petitioner,<br><br>vs.<br><br>JIM SALMONSEN, STATE OF MONTANA,[1]<br><br>Respondents. | Cause No. CV 20-33-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court upon petitioner Douglas P. Pasquinzo's Amended Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 9.) Pasquinzo is a state prisoner proceeding pro se.

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). As explained herein, Pasquinzo's claims should be denied and his petition should be dismissed

---

[1] The caption has been amended to reflect that Jim Salmonsen is the current Warden of the Montana State Prison. The proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004).

1

because his first claim is not cognizable in federal habeas and his second claim does not survive deferential review under 28 U.S.C. § 2254(d).

## I. Procedural History

The Montana Supreme Court outlined the history of Pasquinzo's underlying state criminal case as follows:

> On September 30, 2015, the State charged Pasquinzo with two counts of sexual intercourse without consent, felonies, pursuant to § 45-5-503(4)(a), MCA. The victim was a seven-year-old girl. Both charges carried a minimum sentence of 100 years, 25 which could not be suspended, and a minimum 25-year parole eligibility restriction. Section 45-5-503(4)(a), MCA (2013).
>
> On June 15, 2016, Pasquinzo and the State entered into a plea agreement. The State agreed to dismiss both counts of sexual intercourse without consent in exchange for Pasquinzo pleading no contest to two counts of sexual assault, felonies, pursuant to § 45-5-502(3), MCA (sexual assault of a victim under the age of 16 by an offender at least 3 years older than the victim). Prior to sentencing, Mariah Eastman, Pasquinzo's appointed counsel, met with Pasquinzo. She informed him that the State would recommend Pasquinzo be sentenced to the Department of Corrections ("DOC") for 20 years, with 15 years suspended on both counts, each to run concurrently; completion of phases one and two of the sexual offender treatment program at the Montana State Prison ("MSP"); and registration as a sex offender.
>
> At the change-of-plea hearing, the State explained that it entered into the plea agreement to avoid having the victim testify at trial. Before accepting the plea, the District Court informed Pasquinzo that it was not bound by the sentencing recommendations in the plea. The court also advised Pasquinzo of his rights and confirmed that by entering into the plea agreement, Pasquinzo knowingly and voluntarily waived these rights, including his right to appeal. Pasquinzo then pleaded no contest to each count. The prosecutor provided an offer of proof, detailing the abuse. Pasquinzo confirmed that the

2

> State would be able to prove the allegations in the offer of proof beyond a reasonable doubt. He also asked for forgiveness and stated, "I am sorry."
>
> A pre-prepared psychosexual evaluation was provided to the court, labeling Pasquinzo as a tier two sexual offender, and admitted without objection. The court then proceeded to sentencing. The court declined to adopt the recommendation of the plea agreement and instead imposed a 15-year sentence in the MSP, with 5 years suspended on each count, both to run concurrently, with 268 days credit for time served. In addition, Pasquinzo was required to complete phases one and two of the offender treatment program and register as a sex offender for life. Pasquinzo did not appeal his sentence.

*Pasquinzo v. State*, 2019 MT 246N, ¶¶ 3-7, 398 Mont. 444, 455 P.3d 452.

**Postconviction Proceedings**

In October of 2017, Pasquinzo filed a petition for postconviction relief ("PCR") in the state district court alleging that trial counsel was ineffective for: failing to perform an adequate pretrial investigation, failing to require the district court to order a pre-sentence investigation, allowing Pasquinzo to enter a nolo contendere plea, and failing to file a direct appeal. See generally, (Doc. 14-6). The State filed a response to Pasquinzo's petition and Pasquinzo filed a reply. See, (Docs. 14-7 & 14-8.) On August 22, 2018, the district court entered an order denying Pasquinzo's PCR petition. (Doc. 14-11.)

The district court applied the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), to analyze Pasquinzo's ineffective assistance of counsel ("IAC") claims. *Id*. at 3. To demonstrate that counsel was constitutionally

ineffective, a defendant must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that he was prejudiced as a result. *Strickland*, 466 U.S. at 688.

In relation to his claim that counsel performed an inadequate investigation, Pasquinzo argued that "had Ms. Eastman done her job, it would have been discovered Petitioner's now ex-wife, Merri Pasquinzo, knew of and allowed the alleged acts of Petitioner to transpire." (Doc. 14-1 at 3.) The district court found that the assertion did not satisfy either prong of *Strickland* because if Pasquinzo's ex-wife knew of his assaultive behavior, bringing it to light would not have altered the outcome of Pasquinzo's case, but would have further prejudiced him by bringing another adverse witness forward. *Id*.

In relation to his claim regarding the Presentence Investigation the court found that a review of the record defeated Pasquinzo's claims. He did not present any perceived problems to the district court when he was questioned and he acknowledged understanding that the court was not bound the parties' sentencing recommendation. *Id*. at 4. Further, both parties informed the court they did not believe a presentence investigation was necessary because Pasquinzo had no prior criminal history and a psychosexual evaluation had already been performed. *Id*. A review of the change of plea/sentencing hearing revealed no deficient performance

by counsel nor any indication that the outcome of the proceeding would have been different had counsel performed in the manner suggested by Pasquinzo. *Id.*

The Court noted that Montana statue prohibits a court from accepting a plea of *nolo contendere* in a case involving a sexual offense. *Id*. at 5. But the Court noted Pasquinzo did not argue that his plea was involuntary or that he received an illegal sentence; his only argument was that trial counsel provided ineffective assistance by allowing the entry of a *nolo contendere* plea. *Id*. The Court determined, relying upon *Hardin v. State*, 2006 MT 272, that Pasquinzo was not prejudiced because he received the benefit of a *nolo contendere* plea- that is he received the benefits of the plea agreement without expressly having to acknowledge his own guilt. *Id*.

Pasquinzo then argued that because trial counsel did not properly withdraw from the case, she was still the attorney of record when he requested an appeal and frustrated his efforts at a timely appeal. *Id*. at 5-6. The Court determined that because Pasquinzo voluntarily entered into an agreement by which he waived certain rights, including his right to appeal, he waived the ability to challenge all nonjurisdictional defects which may have occurred prior to entry of his plea. *Id*. at 6. Pasquinzo failed the first *Strickland* prong because he could not demonstrate that counsel's performance was deficient.

In sum, the district court determined: "Simply put Pasquinzo did not receive the jointly recommended sentence, after being told by the Judge this was a possibility, and he now raises numerous issues on post-conviction relief under the theory of ineffective assistance of counsel. Pasquinzo is unable to prove his trial counsel was ineffective from a review of the record, especially in viewing the original charges and mandatory minimum in comparison with the charges he plead to and the sentence he received." *Id*.

**Postconviction Appeal**

On appeal, Pasquinzo argued: (1) counsel was ineffective for allowing him to enter a no contest plea to Sexual Assault, (2) the district court erred in accepting his no contest plea in violation of Mont. Code Ann. § 46-12-204(4); and, (3) counsel failed to file a direct appeal. See, *Pasquinzo v. State*, 2019 MT 246N, ¶¶ 8, 10, 12 & 15.

In relation to Pasquinzo's first claim, the Montana Supreme Court determined Pasquinzo could not prove *Strickland* prejudice. The Court found that the fact that a sentence may be illegal does not necessarily mean there is merit to an IAC claim. *Id*. at ¶ 11. The Court noted that counsel negotiated a favorable plea agreement in which the State recommended Pasquinzo receive a 20-year commitment to the Montana Department of Corrections with 15 of the years suspended. *Id*. The Court observed that had the case proceeded to trial, Pasquinzo

would have faced a mandatory minimum sentence on each count of 100 years and that such an outcome was likely given that Pasquinzo admitted in open court that the State would be able to prove his guilt beyond a reasonable doubt. *Id.* Because the error worked to Pasquinzo's benefit, counsel was not ineffective for obtaining "a more lenient, albeit illegal, sentence. *Id.* Because Pasquinzo failed to prove prejudice, the Court declined to consider the deficient performance prong of *Strickland*. *Id.*

As to Pasquinzo's argument that under Section 46-12-204(4) MCA, the district court was precluded from accepting a plea of nolo contedere in a sexual offense case, the Court found Pasquinzo did not challenge the legality of his sentence on direct appeal or in a petition for habeas corpus, the only proper avenues to raise such a challenge. *Id.* at ¶ 14, citing Section 46-21-105(2) MCA, and *Hardin v. State*, 2006 MT 272, at ¶ 16, 334 Mont. 204, 146 P. 3d 746. Because Pasquinzo knowingly and voluntarily entered a no contest plea, he waived the ability to appeal all non-jurisdictional defects. *Id.* The Court affirmed the lower court's denial of the claim.

Finally, the Court observed that although it was unclear what issues Pasquinzo wanted to present in his direct appeal, if a defendant objectively indicates an intent to appeal, he or she is not required to demonstrate the merits of the underlying claim and is entitled to a new appeal. *Id.* at ¶ 15, citing *Roe v.*

*Flores-Ortega*, 528 U.S. 470, 484-86 (2000). The Court found Pasquinzo did not demonstrate that he directed his attorney to file a direct appeal, but that if he could do so, he could refile a petition for postconviction relief in the district court and the statutory bar would not apply. *Id*. at ¶ 16.

## II. Pasquinzo's Claims

In the instant petition Pasquinzo advances the following claims: (1) a violation of Section 46-12-204(4) MCA, occurred when he entered a plea of *no lo contendere*, which he should have been allowed to withdraw, (Doc. 9 at 3, ¶ 15(A); 8-9); and, (2) counsel refused to file an appeal challenging the district court's decision not to impose a Department of Corrections sentence, *id*. at 4, ¶ 15(B); 10-12. Pasquinzo asks to be released from his illegal judgment or have the case remanded. *Id*. at 7, ¶ 18.

## III. Analysis

As a preliminary matter, Pasquinzo is advised that the federal habeas statute grants the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States. See, 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

### i. Claim 1- Plea Agreement/Withdrawal

Having reviewed all of Pasquinzo's filings and the documents filed by Respondents from Pasquinzo's state court record, it is apparent that Pasquinzo continues to operate under a false understanding of the nature of his state court plea agreement, which seems to be the crux of his current claims.

It appears Pasquinzo believes that he entered into an appropriate disposition plea agreement under which rejection of the agreement by the district court would provide him the ability to withdraw his plea. See, Mont. Code Ann. § 46-12-211(4). But that is not the type of plea agreement Pasquinzo entered into, his agreement called for a particular recommendation, specifically two concurrent 20-year commitments to the Montana Department of Corrections, to be jointly made by the parties. See e.g., (Doc. 14-2 at 4)(Acknowledgment of Rights and Plea Agreement). Moreover, the terms of Pasquinzo's agreement made it clear that the district court was not bound to follow the parties' recommendation and if it did not follow the recommendation, Pasquinzo had no right to withdraw his plea.

The written plea agreement contained the following terms:

11. I understand that a plea bargain agreement is an agreement between a defendant and a prosecutor that in exchange for particular actions and a particular plea the prosecutor will recommend a particular sentence and/or a particular disposition of existing charges;

12. I understand that the Court has not participated in the making of this agreement. The Court is NOT bound by the agreement of the parties. If the Court

does not follow the recommendations of Counsel in this matter, I understand that I WILL NOT be able to withdraw [my] guilty plea and proceed to trial;

13.   I understand that the sentence to be imposed, including restricting eligibility for parole, is within the sole discretion of the Court and that the State has not made any promises or representations as to the actual sentence which the Court will impose.

*Id*. at 3.  Further, during his change of plea/sentencing hearing, Pasquinzo was advised by the district court of the following:

> The Court:   There may be a recommendation made by your attorney and the State's attorney, the County attorney, about how you ought to be sentenced, but you need to be aware that that is a recommendation only, it doesn't bind the Court.  The only thing that limits the Court is the maximum possible punishment that I just recited to you, do you understand that?
>
> Pasquinzo:   I do, Your Honor.
>
> The Court:   And as a result, that means if you plead guilty and you are sentenced and you don't like the outcome, you won't have any opportunity to change your mind, nor will you have any opportunity to appeal, do you understand that?
>
> Pasquinzo:   I do, Your Honor.

See, Sent. Trns. (Doc. 14-3 at 8:14-25; 9:1-3).  Thus, on its face, Pasquinzo's contention that he had any ability to withdraw his plea lacks merit.

But, as set forth above, the Montana Supreme Court, applying state procedural law, determined that Pasquinzo was precluded from presenting the claim because he failed to do so on direct appeal.  It is not for this Court to reexamine the state court's determination on this state law issue. *See Waddington v.*

10

*Sarausad,* 555 U.S. 179, 192 n. 5 (2009) ("we have repeatedly held that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions") (citation and internal quotations omitted); *Bradshaw v. Richey,* 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus"); *see also Holgerson v. Knowles,* 309 F.3d 1200, 1202 (9th Cir.2002), *cert. denied,* 538 U.S. 1005 (2003) (federal habeas court "bound by California's interpretation of its state law") (citation omitted). Thus, it would be improper for this Court to review the state district court and the Montana Supreme Court's decision that state procedural law precluded Pasquinzo from presenting this claim.

Additionally, Pasquinzo cannot convert this state law issue into one of federal import merely by invoking the specter of a federal constitutional violation. See, *Langford v. Day*, 110 F. 3d 1380, 1389 (9th Cir. 1996), cert. denied, 522 U.S. 881 (1997). The claim should be denied because it is not cognizable in federal habeas.

### ii. Claim 2- IAC on direct appeal

As set forth above, in analyzing this IAC claim, the Montana Supreme Court looked at the *Strickland* prejudice prong and noted that to show prejudice a defendant must demonstrate a reasonable probability that, but for counsel's

deficient performance, the defendant would have appealed. *Pasquinzo*, 2019 MT 246N, at ¶ 15, citing *Woeppel v. City of Billings*, 2006 MT 283, ¶ 10. The Court went on to note that a defendant can establish that he would have appealed by "presenting evidence that the defendant expressed a desire to appeal, or that there were nonfrivolous grounds to do so." *Id*. Based on the record before the Court, Pasquinzo apparently did not make the requisite showing. The Court went on to note that if Pasquinzo could demonstrate that he directed his attorney to file an appeal, he would be able to file a new PCR petition raising an IAC claim and the procedural bars would not be applied. While the Montana Supreme Court denied the claim for lack of merit, it is unclear if Pasquinzo subsequently gathered the required information, assuming it exists, or filed a new PCR petition in the state district court.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") substantially limits the power of federal courts to grant habeas relief to state prisoners, *Hurles v. Ryan*, 725 F. 3d 768, 777 (9th Cir. 2014), and "demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam). Thus, if a petitioner's claim has been "adjudicated on the merits" in state court, "AEDPA's highly deferential standards kick in." *Davis v Ayala*, 576 U.S. 257, 269 (2015) (citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so

long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has instructed "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102 (citations omitted); see also, *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)(describing the standard as "difficult to meet" and a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.")

Where a state court previously adjudicated the claim of ineffective assistance of counsel under *Strickland*, establishing that the decision was unreasonable is especially difficult. *See Harrington*, 562 U.S. at 104-05. In *Harrington*, the Supreme Court instructed:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997), and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S. at 123, 129. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonably argument that counsel satisfied *Strickland*'s deferential standard.

*Harrington*, 562 U.S. at 105 (internal citations omitted); *see also Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010) ("When a federal court reviews a

state court's *Strickland* determination under AEDPA, both AEDPA and *Strickland*'s deferential standards apply; hence, the Supreme Court's description of the standard as 'doubly deferential.' ").

As set forth above, the clearly established federal law in relation to this claim is *Strickland*. In *Flores-Ortega*, 528 U.S. 470 (2000), the Court set forth the framework for applying *Strickland* when a petitioner claims that counsel was ineffective for failing to file a notice of appeal. Regarding *Strickland's* deficient performance prong- whether counsel's representation fell below an objective standard of reasonableness- the Court rejected a bright-line rule that counsel must always file a notice of appeal. *Id*. at 477-81. In relation to the prejudice prong of *Strickland*, the Court held that "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. In making this showing, a defendant cannot rely solely on evidence "that he sufficiently demonstrated to counsel his interest in an appeal." *Id.* at 486. More is required. *Id.*

In the instant case, Pasquinzo has not sufficiently shown that he ever demonstrated an intention to appeal or that he shared his intention with counsel. The only potential support this Court can find in the state court record, or the record before this Court, is a letter from trial counsel, Mariah Eastman, to Pasquinzo. The letter is dated July 11, 2017, more than a year after Pasquinzo's

14

June 2016 sentencing. The letter was written in response to Pasquinzo's request for transcripts. See, (Doc. 14-6 at 18-19). Eastman informed Pasquinzo in the letter that she does not have transcripts of his proceedings and that those need to be requested from the Court Recorder. *Id*. She also indicated she had been in communication with Pasquinzo since the sentencing and had provided him with a copy of all of his state court documents on three prior occasions. *Id.* at 18. Finally, Eastman stated that, except regrading corrections to his sentence, her representation of Pasquinzo concluded at sentencing. *Id*. Importantly, nowhere in this letter is there any indication that Pasquinzo had discussed an interest in filing a direct appeal with Eastman at any point in the year following his sentencing or that he had requested she do so on his behalf. Thus, looking at this claim through the doubly deferential lens of Section 2254(d) and *Strickland*, fairminded jurists could disagree about the Montana Supreme Court's denial of the claim. See, *Harrington*, 562 U.S. at 101. Or, put another way, the Montana Supreme Court reasonably determined that Pasquinzo failed to demonstrate prejudice. As such, this Court must afford deference.

Because the Montana Supreme Court's resolution of the claim was not contrary to, or an unreasonable application of, clearly established federal law, see 28 U.S.C. § 2254(d)(1), it does not warrant federal habeas relief.

### IV. Conclusion

Pasquinzo's petition should be denied. His first claim is based on state law and is not cognizable in federal habeas; his second claim does not survive AEDPA review.

### V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Pasquinzo has not made a substantial showing that he was deprived of a constitutional right. His first claim is not cognizable in federal habeas and his IAC claim fails under the doubly deferential standards mandated by the application of both 28 U.S.C. § 2254(d) and *Strickland*. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

The Clerk of Court is directed to amend the docket caption to reflect that Jim Salmonsen is the current custodian of Pasquinzo pursuant to 28 U.S.C. § 2242.

## RECOMMENDATION

1. Pasquinzo's Amended Petition (Doc. 9) should be DENIED and DISMISSED.

2. The Clerk of Court should be directed to enter judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Pasquinzo may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Pasquinzo must immediately notify the Court of any change in his mailing address. Failure to do so may result in dismissal of his case without notice to him.

DATED this 4th day of August, 2021.

>*/s/ John Johnston*
>John Johnston
>United States Magistrate Judge