IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DOUGLAS P. PASQUINZO, | CV 20–33–H–DLC–JTJ |
| Petitioner, | |
| vs. | ORDER |
| JIM SALMONSEN, STATE OF MONTANA, | |
| Respondents. | |

Before the Court is United States Magistrate Judge John T. Johnston's Findings and Recommendation (Doc. 16) regarding Petitioner Douglas P. Pasquinzo's Amended Petition for Writ of Habeas Corpus (Doc. 9) and Pasquinzo's Motion for Recusal and Motion to Change Venue (Docs. 22, 23). Judge Johnston recommends that the Court dismiss Pasquinzo's Amended Petition. (Doc. 16 at 17.) For the reasons stated herein, the Court will adopt Judge Johnston's findings and recommendation in full, and Pasquinzo's subsequent motions will be denied.

## BACKGROUND

Because the factual background and state court procedural history of this case is detailed in the Findings and Recommendation (Doc. 16 at 2–8), it will not be restated here. Pasquinzo filed a petition for writ of habeas corpus and motion

1

for leave to proceed in forma pauperis on April 20, 2020.  (Docs. 1, 2.)  The Court

granted the motion for leave to proceed in forma pauperis on April 22, and on May

6 the Court entered an order requiring Pasquinzo to file an amended petition.

(Docs. 4, 5.)  Pasquinzo filed an amended petition on July 13, a supplement on

September 23, a second supplement on January 14, 2021, and a "final response" on

March 3, 2021.  (Docs. 9–11, 15.)  In response to an order by the Court, the State

of Montana filed exhibits.  (Doc. 14.)  On August 4, 2021, Judge Johnston entered

his Findings and Recommendation regarding Pasquinzo's amended petition.  He

recommended that, pursuant to 28 U.S.C. § 1915A(b), Pasquinzo's petition be

dismissed because his first claim is not cognizable in federal habeas and his second

claim does not survive the deferential review required by 28 U.S.C. § 2254(d).

(Doc. 16.)  Pasquinzo subsequently filed numerous documents styled as motions,

notices, supplements, and addenda.  (Docs. 17 ("Notice of Appeals Exstension

Request"), 19 ("Motion 45-5-502(1)(1) Double Jeopardy & Illegal Not Active

Statue's"), 20 ("Motion Status Clarification On The Courts Findings: Justice Delay

Is Justice Denied: Further Delay Will Cause Writ Of Mandamus"), 21 ("Petitioners

Addendum and Memorandum of law to Petitioners Objection to the Magistrate's

Finding's & Recommendations"), 33 ("Petitioner's Submission of New Claim:

'Fraud Upon the Court' and Perjury by States Witness: As Shown By Newly

Acquired Exculpatory Evidence. [See also attached copy of 'OUTRAGEOUS

2

GOVERNMENT CONDUCT"]."), 34 ("Petitioner's Addendum and Submission of New Evidence in Support of His 'Fraud Upon the Court' Claim, as Cause for State's Witnesss to Commit Perjury/Fraud, Relief Required Under Rule 60(b)/(d).").)  The Court has carefully reviewed all of these filings and the arguments contained therein.

Pasquinzo filed a motion for recusal and a motion to change venue on February 22, 2022.  (Docs. 22, 23.)  The State of Montana filed a response (Doc. 24), and Pasquinzo subsequently filed a reply (Doc. 25) and several additional documents purporting to support his recusal and venue motions (Docs. 26, 31, 32).

Pasquinzo also filed a notice of appeal on March 28, 2022; the court of appeals dismissed his appeal on April 20, 2022, and the court's mandate issued on May 12, 2022.  (Docs. 27, 29, 30.)

## DISCUSSION

### I.    Motion for Recusal and Motion to Change Venue

When considering a motion under 28 U.S.C. § 144, the Court should first evaluate whether to grant recusal pursuant to 28 U.S.C. § 455.  If the Court determines that recusal is inappropriate under § 455, then the Court should determine the legal sufficiency of the affidavit filed pursuant to § 144.  *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).  Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might

3

reasonably be questioned."  Under 28 U.S.C. § 144, a party to a proceeding in a district court must file "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

"The standard for recusal under 28 U.S.C. §§ 144, 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (internal quotation omitted).  Both Sections 144 and 455 are limited by the "'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed[,] or statements made by the judge during the course of trial."  *United States v. Holland*, 519 F.3d 909, 913–14 (9th Cir. 2008); *see also United States v. Azhocar*, 581 F.2d 735, 739 (9th Cir. 1978) (noting that under § 144, the affidavit "must state facts which if true fairly support the allegation that bias or prejudice stemming from (1) an extrajudicial source (2) may prevent a fair decision on the merits").

Pasquinzo moves for the recusal of the undersigned based upon the belief that the undersigned could not be impartial or unbiased in any case involving "any inmate of Montana."  (Doc. 22 at 1.)  He also moves for a change of venue because he "claims that he will not be given such right [to a fair tribunal] within the District

4

of Montana's U.S. District Court, based upon the documented and proven Bias and Partiality by the presiding Judge Christensen."  (Doc. 23 at 1.)

Pasquinzo's motion refers repeatedly (without explanation) to "Ellison," who is an inmate at MSP who frequently litigates before this Court. (Doc. 23 at 2–3.)  Mr. Ellison has raised arguments for recusal that are virtually identical to those raised here, and the Court has thoroughly addressed these arguments in its order denying Ellison's motion to recuse in his habeas case, explaining:

> Ellison's argument for recusal under § 455 is based entirely on his unsubstantiated and conclusory statements.  Ellison's allegation that the undersigned was somehow covering up a conspiracy against him by mistakenly naming Judge Johnston rather than Judge Cavan has no basis in fact or reason and the mistake was immaterial to the overall analysis. . . .   Accordingly, Ellison has relied solely upon "unsubstantiated suspicion of personal bias or prejudice" which is insufficient for recusal under § 455.  *Holland*, 519 F.3d at 909.

> Looking next at § 144, Ellison again fails [to] make the requisite showing.  The only extrajudicial source Ellison provides for support is Ellison's own unsupported conclusion that there is a conspiracy against him that includes the undersigned.  *Sibla*, 624 F.2d at 868 ("An affidavit filed pursuant to [§ 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source.").

> No reasonable person could find that the undersigned's impartiality might reasonably be questioned based solely on Ellison's unsubstantiated allegations.

*Ellison v. Salmonsen*, No. CV 21–26–BLG–DLC, 2022 WL 4481750, at *19 (D. Mont. Sept. 27, 2022).  Here, Pasquinzo raises virtually identical arguments

relating to Ellison's case before the undersigned and Judge Cavan—who has no
involvement in this case—and accuses the undersigned of perjury in relation to the
typographical error described above.  (Doc. 23 at 1–3; Doc. 25 at 1–2.)  Pasquinzo
also argues that the undersigned issues "automatic denial" of habeas claims arising
from the state courts of Montana, and he thus cannot "receive a fair tribunal."
(Doc. 23 at 3–4.)

The Court rejects these arguments for the same reasons they were rejected in
Ellison's case. *Ellison*, 2022 WL 4481750, at *18–19.  Setting aside the fact that
Pasquinzo is factually incorrect to state that this Court has never granted a habeas
petition arising from the state courts of Montana, "judicial rulings alone almost
never constitute a valid basis for a bias or partiality motion." *Liteky v. United
States*, 510 U.S. 540, 555 (1994).  Pasquinzo's unsubstantiated allegations are
borrowed from Ellison (Doc. 23-1 at 9–12) and do not provide a basis for recusal
under § 455 or § 144, nor do they provide a basis for a change of venue.
Pasquinzo's additional filings, whether styled as supplements or addenda, simply
repeat these unsubstantiated claims and unrelated grievances (*e.g.*, Doc. 26
(alleging threatened retaliation by MSP employees), 31 (alleging that Ellison's
mail was misplaced); 32 (attaching "criminal complaint" prepared by Ellison
against the undersigned and Judge Cavan and sent to the Department of Justice and
several Senators); 33-1 at 59–70 (attaching filing from one of Ellison's civil cases

6

accusing the undersigned of violating the Hobbs Act)).  The motions will be
denied.

## II.    Findings and Recommendation on Petition for Writ of Habeas Corpus (Doc. 16)

On review of a magistrate judge's findings and recommendation, a party is
only entitled to de novo review of those findings to which he or she specifically
objects.  28 U.S.C. § 636(b)(1)(C).  In the absence of an objection, this Court
reviews findings for clear error.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).
Clear error review is "significantly deferential" and exists when the Court is left
with a "definite and firm conviction that a mistake has been committed."  *United
States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

### A.    Claim 1: Plea Agreement Withdrawal

Judge Johnston found that Pasquinzo's claim that the district court was
precluded from accepting his plea of nolo contendere in his sexual offense case
pursuant to Section 46-12-204(4) of the Montana Code was not cognizable in
federal habeas because "the Montana Supreme Court, applying state procedural
law, determined that Pasquinzo was precluded from presenting the claim because
he failed to do so on direct appeal.  It is not for the Court to reexamine the state
court's determination on this state law issue."  (Doc. 16 at 10.)

7

Construing Pasquinzo's filings as generously as possible given his status as a pro se petitioner, the only filing that arguably raises any specific objection to Judge Johnston's findings on this claim is Pasquinzo's "Addendum and Memorandum of law" filed on January 10, 2022, months after Judge Johnston's findings and recommendation were entered, and well after the Court-extended deadline of September 19, 2021 for Pasquinzo to file objections.  (Docs. 18, 21.) Accordingly, Pasquinzo forfeited these objections.  28 U.S.C. § 636(b)(1).

Even if the Court were to excuse this forfeiture, Pasquinzo's objections are meritless.  He repeats his argument that his incarceration is unlawful because Montana law prohibits nolo contendere or *Alford* pleas in cases where the defendant has been accused of a sexual offense, and he argues that the Court has authority to correct an illegal sentence, citing *Heflin v. United States*, 358 U.S. 415 (1959), *United States v. Johnson*, 988 F.2d 941 (9th Cir. 1993), and Rule 35 of the Federal Rules of Criminal Procedure.  (Doc. 21 at 2.)  These cases stand for the proposition that a federal court may correct an illegal sentence imposed by a *federal* court.  *Heflin*, 358 U.S. at 422 (Stewart, J., concurring); *Johnson*, 988 F.2d at 943–45 (interpreting previous version of Rule 35(a)).  Moreover, Rule 35 has since been amended, *Johnson*, 988 F.2d at 943, and no longer governs proceedings concerning illegal sentences, Fed. R. Crim. P. 35.  Pasquinzo also cites *United States v. King*, 257 F.3d 1013 (9th Cir. 2001), for the proposition that "any errors

8

in a guilty plea hearing are reversible unless shown to be harmless" (Doc. 21 at 4), but Pasquinzo's purported quote of the case law substitutes "guilty plea hearing" for the actual language of the case—"Rule 11 hearing"—which makes clear that this authority, too, concerns criminal proceedings originating in *federal* court. *King*, 257 F.3d at 1021.  As Judge Johnston correctly concluded (Doc. 16 at 8–11), Pasquinzo was convicted in state court, and his first claim alleges that he is in custody in violation of the laws of Montana—not the United States Constitution or federal law—and this Court is powerless "to reexamine state-court determinations on state-law questions" on a petition for writ of habeas corpus.  *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).  A petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process[,]" and Pasquinzo's claim is "not cognizable in federal habeas corpus."  *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).  This does not mean that Pasquinzo has no remedy; as the Montana Supreme Court instructed him, "[i]f Pasquinzo can demonstrate that he directed his attorney to file an appeal, he may refile a petition for postconviction relief for ineffective assistance of counsel on those grounds" in state court, and his procedural default of this claim may be excused.  *Pasquinzo v. State*, 2019 MT 246N, ¶ 16, 398 Mont. 444, 455 P.3d 452.

Accordingly, Pasquinzo's objections as to Claim 1 are overruled, and Judge Johnston's findings and recommendation as to this claim are adopted in full.

9

**B.     Claim 2: Ineffective Assistance of Counsel on Direct Appeal**

Judge Johnston found that the Montana Supreme Court reasonably determined that Pasquinzo failed to demonstrate prejudice on his ineffective assistance of counsel claim because there is insufficient evidence in the record to show that Pasquinzo "ever demonstrated an intention to appeal or that he shared his intention with counsel."  (Doc. 16 at 11–15.)  Accordingly, Judge Johnston found that "[b]ecause the Montana Supreme Court's resolution of the claim was not contrary to, or an unreasonable application of, clearly established federal law, . . . it does not warrant federal habeas relief" pursuant to 28 U.S.C. § 2254(d)(1). (*Id.* at 15.)

Pasquinzo does not raise any specific objections to Judge Johnston's findings and recommendation as to Claim 2.  The closest attempts are his statements that "I also feel you are violating my rights by the Equal Protection of the law in prong 2 of Washington Versus Strickland My sentence should have been vacated" (Doc. 19 at 6), and "My findings on your Recommendations and Findings is this, You elaborated on the ineffectiveness of my Attorney so the court feels that it is true like I do" (*id.* at 10).  Even if these vague assertions sufficed to require the Court to review Judge Johnston's findings and recommendation as to Claim 2 de novo, the Court finds no error and would reach the same result.

A federal court's review of a state court's adjudication on the merits of a state prisoner's claim under 28 U.S.C. § 2254(d) is extraordinarily deferential.  "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Harrington v. Richter*, 562 U.S. 86 (2011).  The only evidence in the record before the state court that could potentially bear on whether Pasquinzo expressed a desire to appeal to his counsel is a letter from Pasquinzo's trial counsel to Pasquinzo, dated July 11, 2017, stating "As far as my representation of you is concerned, that concluded (except for corrections to sentences) when you were sentenced."  (Doc. 14-6 at 18.)  This evidence is ambiguous at best, and Pasquinzo thus cannot plausibly allege that the state court's determination that Pasquinzo had not *yet* demonstrated that he directed his attorney to file an appeal, *Pasquinzo*, 2019 MT 246N, ¶ 16, was wrong beyond any possibility for fair-minded disagreement.  *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.").

Accordingly, Pasquinzo's objections as to Claim 2 are overruled, and Judge Johnston's findings and recommendation as to this claim are adopted in full.

11

### C.      Pasquinzo's Subsequent Filings

The Court has reviewed all of Pasquinzo's filings to date.  Even construing them as generously as possible in light of Pasquinzo's pro se status, none of these filings raises a cogent objection to Judge Johnston's findings and recommendation except as described above.  Instead, they rehash his previous allegations of ineffective assistance (Doc. 19 at 9); raise issues of witness credibility and evidence sufficiency concerning his underlying convictions (Doc. 17; Doc. 19 at 1–10; Doc. 33; Doc. 34); and allege brand new claims of violations of his constitutional or statutory rights that were not before Judge Johnston, including speedy trial (Doc. 17; Doc. 19 at 5), equal protection (Doc. 19 at 7), the Fourth Amendment (Doc. 20 at 1), prosecutorial misconduct (Doc. 21 at 1), structural error (Doc. 21 at 1), due process (Doc. 21 at 2–3); and that the statutes under which he was charged were "inactive" at the time he was charged (Doc. 19 at 4).  The Court is under no obligation to consider new claims or arguments in an objection to a magistrate judge's findings and recommendation, and the Court in its discretion declines to consider Pasquinzo's new claims and arguments because there is no reason that he could not have raised these claims or arguments earlier before Judge Johnston. *Friends of the Wild Swan v. Weber*, 955 F. Supp. 2d 1191, 1194 (D. Mont. 2013), *aff'd*, 767 F.3d 936 (9th Cir. 2014).

In Pasquinzo's most recent filings, he asserts that his former wife made false statements, fabricated the criminal allegations underlying his conviction, and committed "fraud upon the court . . . to obtain his personal property without a[n] equitable settlement" in their divorce proceedings.  (Doc. 33 at 1–5; Doc. 34 at 1–4.)  He argues that "[t]his is a violation of Rule 60(b) and requires relief from Judgment as stated in that Rule in both the Montana and United States Rules of Civil Procedure which governs this matter and the divorce."  (Doc. 33 at 3; Doc. 34 at 2.)  To the extent these documents can be construed as a motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure, such a motion must be denied because (1) Rule 60 applies only to a *federal* court's own judgment and thus is not a proper mechanism for relief from a state court judgment, and (2) even if Rule 60 were the proper mechanism for the relief Pasquinzo seeks, a federal court lacks jurisdiction to set aside a final state court judgment except in rare circumstances not present here.  *Erno, Inc. v. Moran*, 201 F.3d 442, 1999 WL 1011859 (9th Cir. Nov. 5, 1999); *Furnish v. Bd. of Med. Examiners of Cal.*, 257 F.2d 520, 522–23 (9th Cir. 1958); *see also Dubinka v. Judges of Superior Ct. of State of Cal. for Cnty. of Los Angeles*, 23 F.3d 218, 221 (9th Cir. 1994) ("Federal district courts . . . may not exercise appellate jurisdiction over state court decisions.").

In sum, none of Pasquinzo's filings demonstrate any error in Judge Johnston's recommendation to dismiss Pasquinzo's Amended Petition (Doc. 9) for failure to state a claim upon which relief can be granted.

CONCLUSION

IT IS ORDERED that Pasquinzo's motion for recusal (Doc. 22) and motion for change of venue (Doc. 23) are DENIED.

IT IS FURTHER ORDERED that Judge Johnston's Findings and Recommendation (Doc. 16) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Pasquinzo's Amended Petition (Doc. 9) is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b).

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

The Clerk of Court is directed to enter judgment in favor of Respondent and against Petitioner.

DATED this 29th day of September, 2022.


Dana L. Christensen, District Judge
United States District Court